UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00136-GNS-HBB

DANNY JOHNS                                                                                          PLAINTIFF

v.

HELEN CATHEY                                                                                        DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 16), Defendant's Motion for Entry of Default (DN 8), Plaintiff's Motion to Dismiss Entry of Default (DN 10), and Defendant's Motion for Judgment on the Pleadings (DN 21). These motions are ripe for adjudication. For the reasons outlined below the motions are **DENIED**.

### I.   STATEMENT OF FACTS

Plaintiff Danny Johns ("Johns") filed this action against Defendant Helen Cathey ("Cathey") for unjust enrichment regarding repairs Johns made to a rental property in Simpson County, Kentucky. (Compl. ¶¶ 1, 9, 14, DN 1-1). Cathey's mother, Ruby Helms Porter ("Porter"), owned the property and in May 2009, deeded the property to her daughter but retained a life estate. (Compl. ¶ 3). Porter leased the property to Johns for $800.00 a month for a 5-year term beginning in 2019. (Compl. ¶¶ 5-6).

After the property allegedly had fallen into extreme disrepair, Johns spent time and money to repair the property and make it livable. (Compl. ¶¶ 7-9). Johns claims that after these improvements were made, Cathey filed suit in Simpson Circuit Court seeking termination of

1

Johns' lease claiming the lease terminated with Porter's death on May 15, 2021. (Compl. ¶¶ 9-10). Cathey also filed an action in Simpson District Court seeking to evict Johns, which was resolved in Cathey's favor and is currently on appeal. (Compl. ¶ 10).

Johns then filed this action in Simpson Circuit Court asserting a claim for unjust enrichment for the improvements he made to Cathey's property. (Compl. ¶¶ 11-14). Cathey removed this matter to federal court and asserted counterclaims for slander of title, waste, and non-payment of rents. (Notice Removal, DN 1-1; Answer & Counterclaim 4-8, DN 4).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00.

## III.     DISCUSSION

### A.     Plaintiff's Motion to Remand (DN 16)

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). A case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). After the filing of a notice of removal, a plaintiff must move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Further, "[t]he removal petition is to be strictly construed, with all doubts resolved

against removal." *Her Majesty the Queen in Right of Province of Ont. v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citation omitted).

In his motion, Johns identifies no grounds for which this matter may be remanded to state court.[1] Accordingly this motion will be denied. (Pl.'s Mot. Remand, DN 16).

Johns also argues that this action should be remanded for improper venue pursuant to Fed. R. Civ. P. Rule 12(b)(3). (Pl.'s Mot. Remand 1). Rule 12(b)(3) does allow for claims to be dismissed for improper venue. Fed. R. Civ. P. 12(b)(3). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The property is located in Simpson County, Kentucky, which is within the Western District of Kentucky. (Compl. ¶ 1). Thus, venue is proper under 28 U.S.C. § 1391(b)(2).

**B.     Defendant's Motion for Entry of Default (DN 8)**

Cathey also moves for default judgment to be entered against Johns because he failed to respond to the counterclaim in a timely manner. (Def.'s Mot. Entry Default 1, DN 8). "Rule 55(a) states: when a party . . . has failed to plead or otherwise defend . . . the clerk must enter the party's default. Fed. R. Civ. P. Rule 55(c), however, states that courts may set aside this entry 'for good

---

[1] Johns argues that this matter should be remanded for in-rem jurisdiction, vacating a referral, and res ipsa loquitor. (Pl.'s Mot. Remand 1). None of these arguments are grounds upon which remand can be granted. Further, Johns does not object to lack of subject matter jurisdiction, and his motion for any reason other than personal jurisdiction would be untimely. A plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days of filing of the notice of removal. 28 U.S.C. § 1447(c). The Notice of Removal (DN 1) was filed on September 20, 2021, and this motion was not filed until November 17, 2021, past the thirty-day deadline.

cause.'" *Oppenheimer v. City of Madeira*, 336 F.R.D. 559, 565 (S.D. Ohio 2020). When deciding if there is good cause to set aside an entry of default, courts must consider three factors: (1) whether the default was willful; (2) whether setting the entry aside would prejudice the plaintiff; and (3) whether the alleged defense is meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 839 (6th Cir. 2011) (citation omitted).

First, Johns' default does not appear to be "willful." *Id.* at 839. To find that a defaulting party acted willfully, that party "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Aziz v. Ohio Off. of Child Support*, No. 2:18-cv-25, 2018 WL 1473668, at *2 (S.D. Ohio Mar. 26, 2018) (quoting *Shepard Claims Serv. Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986)), *adopted*, 2018 U.S. Dist. LEXIS 70026 (S.D. Ohio Apr. 26, 2018). Johns claims that he failed to respond because his prior attorney could not practice in this Court. (Pl.'s Mot. Dismiss Entry Default 1, DN 10). One day after receiving the Motion for Entry of Default in the mail on November 4, 2021, Johns filed an answer to the counterclaim himself. (Pl.'s Mot. Dismiss Entry Default 1; *see* Answer to Counterclaim, DN 9). Considering his attorney's limited qualifications and his prompt response after receiving the Motion for Entry of Default, Johns' failure to reply to the counterclaim does not indicate that the default was willful.

Second, there is no evidence that denying Cathey's motion would prejudice her. The second factor comes into play if the moving party "could show that the delay would result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion . . . ." *Oppenheimer*, 336 F.R.D. at 565 (internal quotation marks omitted) (citation omitted). None of these factors appear to be at issue in this case and thus the second factor also favors denying the default judgment.

4

Finally, the third factor is whether Johns' alleged defense is meritorious. *Id.* "A defense is meritorious if it is good at law." *Dassault Systemes*, 663 F.3d at 843 (internal quotation marks omitted) (citation omitted). It is not required that a defense be likely to succeed; there merely has to be a "hint of a suggestion" that the defense is meritorious. *Id.* (citation omitted). Johns' defense meets this standard. In his Answer to the Counterclaim, Johns alleges that Cathey knew about the work he was doing on the house and asked him to continue, and that he made timely lease payments. (Answer to Counterclaim 1-2). Because Johns' defense need suggest only that it could be meritorious and could provide a defense at law, this factor also favors denial of a default judgment.

Therefore, because all three factors tilt the balance in Johns' favor, the record reflects that there is good cause not to enter default under Rule 55(c).

### C. Plaintiff's Motion to Dismiss Entry of Default (DN 10)

Johns also moves to dismiss the entry of default against him. (Pl.'s Mot. Dismiss Entry Default, DN 10). This motion is moot, however, because default judgment has not been entered against Johns. *See Parsons Inv. Co. v. Chase Manhattan Bank*, 466 F.2d 869, 871 (6th Cir. 1972) (noting that a judgment is moot when it "cannot have any practical legal effect upon a then existing controversy." (citation omitted)).

### D. Plaintiff's Motion for Judgment on the Pleadings (DN 21)

Rule 12(c) allows motions for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). Rule 12(c) motions are analyzed under the same standard as Rule 12(b)(6) motions to dismiss for failure to state a claim. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the

pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (citation omitted).  Courts need not, however, "accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citation omitted).  "[T]he Court can also consider the documents that a defendant attaches to its motion, but only to the extent that those documents are referenced in the Complaint, or otherwise subject to judicial notice for some reason." *Becker v. PennyMac Loan Servs., LLC*, No. 1:20-CV-346, 2022 WL 293344, at *3 (S.D. Ohio Feb. 1, 2022) (citing *Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001)).  A Rule 12(c) motion "is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Winget*, 510 F.3d at 582 (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

Taking the factual allegations in the Complaint as true, Johns and Porter entered into a five-year lease for which Johns paid $800.00 in rent each month.  (Compl. ¶¶ 5-6).  Johns took possession of the property when it was uninhabitable, infested with rodents and insects, and the landscape and yard were overgrown.  (Compl. ¶ 7).  Johns made substantial renovations to the property that he paid for himself.  (Compl. ¶ 8).  After he made the repairs, Cathey filed actions in state district and circuit courts seeking to evict Johns and to terminate the lease.  (Compl. ¶¶ 9-10).  There is nothing in the Complaint about Cathey's allegations that Johns' lease included his duty to clean the premises and that he was compensated by Porter with three months free rent for these improvements.  The lease, which can be considered because it is referenced by Johns in the Complaint and attached to Cathey's motion, also makes no reference to this alleged agreement.  (Lease, DN 4-2); *Becker*, 2022 WL 293344, at *3.  While the lease indicates that Johns did not

6

have to pay rent for the first three months and Johns was required to return the leased premises upon moving out "in good condition", this does not necessarily negate Johns' claim for unjust enrichment. (Lease 1). Accordingly, Johns has sufficiently pled a cause of action for unjust enrichment.

Cathey argues that the lease governs the subject matter of the unjust enrichment claim and thus Johns' cause of action fails as a matter of law. (Def.'s Mot. J. Pleadings 6). Generally, courts disfavor unjust enrichment claims when the dispute involves a contract. *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 779 (Ky. 2017). However, the Kentucky Supreme Court has indicated that in some situations, unjust enrichment claims may be appropriate in contractual settings:

> Judicial statements to the effect that "there can be no unjust enrichment in contract cases" can be misleading if taken casually. Restitution claims of great practical significance arise in a contractual context, but they occur at the margins, when a valuable performance has been rendered under a contract that is invalid, or subject to avoidance, or *otherwise ineffective to regulate the parties' obligations*. Applied to any such circumstance, the statement that there can be no unjust enrichment in contract cases is plainly erroneous.

*Id.* (emphasis added) (quoting Restatement (Third) of Restitution and Unjust Enrichment § 2 cmt. c (2011)). The lease does not mention any agreement between Johns and Porter regarding improvements to the property. Therefore, it is not conclusive as a matter of law that the Lease governs the alleged improvements Johns made to the property.

Additionally, Cathey argues that Johns did not confer a benefit directly upon her and therefore his unjust enrichment claims fails. (Def.'s Mot. J. Pleadings 8). To state a claim for unjust enrichment under Kentucky law, a plaintiff must plead: (1) a benefit conferred upon the defendant at the plaintiff's expense; (2) a resulting appreciation of the benefit by the defendant; and (3) an inequitable retention of the benefit without payment for its value. *Kentucky v. Marathon*

*Petroleum Co., LP*, 191 F. Supp. 3d 694 (W.D. Ky. 2016) (citation omitted). "Kentucky courts have consistently found that the first element not only requires a benefit be conferred upon the defendant, but also that the plaintiff be the party conferring that benefit." *Id.* (citing *Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2011 WL 5597327, at *11 (W.D. Ky. Nov. 17, 2011)). Therefore, to meet the first element of an unjust enrichment claim, the "plaintiff must allege that he directly conferred a benefit on the defendant." *Id.* (citing *SAAP Energy v. Bell*, No. 1:12-CV-98, 2013 WL 4588828, at *2 (W.D. Ky. Aug. 28, 2013)).

Cathey argues that Johns' improvements directly benefited only the life tenant Porter, not Cathey. (Def.'s Mot. J. Pleadings 8). To support this contention, Cathey cites *Simpson v. Champion Petfoods USA, Inc.*, 397 F. Supp. 3d 952 (E.D. Ky. 2019), where the court found that the plaintiff customers did not directly confer a benefit on a defendant dog food manufacturer by buying defendant's dog food from retailers. *Id.* at 974. The court found that "[t]he fact that [the defendant] charged [premium] prices for [dog food]; retailers then passed the cost to customers; customers paid these prices; and [the defendant] profited is simply insufficient to plead unjust enrichment." *Id.* (second and third alteration in original) (internal quotation marks omitted). In this case, by contrast, Johns allegedly made improvements to Cathey's property. (Compl. 8). Even if she was not in possession of the property at the time, Cathey's remainder interest may have directly benefited. Therefore, material questions of fact exist in this case rendering dismissal inappropriate at this juncture.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Remand (DN 16) is **DENIED**.

2. Defendant's Motion for Entry of Default (DN 8) is **DENIED**.

  3.  Plaintiff's Motion to Dismiss (DN 10) is **DENIED AS MOOT**.

  4.  Defendant's Motion for Judgment on the Pleadings (DN 21) is **DENIED**.

*Greg N. Stivers, Chief Judge*
*United States District Court*

July 29, 2022

cc: counsel of record
   Danny Johns, *pro se*