UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00136-GNS-HBB

DANNY JOHNS                                                                                                    PLAINTIFF

v.

HELEN CATHEY                                                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 26). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

I.   **STATEMENT OF FACTS**

Plaintiff Danny Johns ("Johns") filed this action against Defendant Helen Cathey ("Cathey") for unjust enrichment regarding repairs Johns made to a rental property in Simpson County, Kentucky. (Compl. ¶¶ 1, 9, 14, DN 1-1). Cathey's mother, Rubye Helms Porter ("Porter"), owned the property and, in May 2009, deeded it to her daughter but retained a life estate. (Compl. ¶ 3). Beginning in April 2019, Porter leased the property to Johns for a five-year term at a rate of $800 per month, with rent being waived for the first three months. (Compl. ¶¶ 5-6; Def.'s Mem. Supp. Mot. Summ. J. 4, DN 26-1 [hereinafter Def.'s Mem.]). In exchange, Johns agreed to restore the property to habitable condition, given its alleged decline into extreme disrepair. (Compl. ¶ 7; Def.'s Mem. 4-5).

Johns repaired the property and purportedly spent personal funds to accomplish this restoration. (Compl. ¶¶ 8-9). Johns claims that after these improvements were made, Cathey filed

suits in Simpson Circuit Court and Simpson District Court to terminate Johns' lease and evict him from the premises, respectively, claiming the lease terminated with Porter's death on May 15, 2021.  (Compl. ¶¶ 9-10).

Johns then initiated this action in Simpson Circuit Court asserting a claim for unjust enrichment regarding the improvements made to Cathey's property.  (Compl. ¶¶ 11-14).  Cathey removed the matter to this Court and asserted counterclaims for slander of title, waste, and non-payment of rents.  (Notice Removal, DN 1; Answer & Countercl. 4-8, DN 4).  Cathey now moves for summary judgment only as to the unjust enrichment claim, and Johns responded.[1]  (Def.'s Mot. Summ. J., DN 26; Pl.'s Resp. Def.'s Mot. Summ. J., DN 31).

## II.     JURISDICTION

The Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III.    STANDARD OF REVIEW

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Thereafter, the burden shifts to the nonmoving party to present specific facts indicating a genuine issue of a disputed material fact essential to the case, beyond "some metaphysical doubt." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[1] Johns' response asserts various causes of action such as tortious interference with a contract or business relationship, intentional infliction of emotional distress, invasion of privacy, and conversion.  (Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 2, at 14-16, DN 31-2).  None of these causes of action were asserted in his Complaint, and will not be considered. *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1017 (S.D. Ohio 2007) ("[A] plaintiff may not defeat summary judgment by asserting a claim that he did not plead in the complaint." (citing *Tucker v. Union of Needletrades, Indus., & Textile Emps.*, 407 F.3d 784, 787-88 (6th Cir. 2005))).

2

U.S. 574, 586-87 (1986). The nonmoving party must present facts demonstrating a material factual dispute that must be presented to "a jury or judge to resolve the parties' differing versions of the truth at trial[;]" the evidence, however, is "not required to be resolved conclusively in favor of the party asserting its existence . . . ." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968). If the record, taken as a whole, could not lead the trier of fact to find for the nonmoving party, the motion should be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## IV. DISCUSSION

To maintain an unjust enrichment claim under Kentucky law, Johns must show: (1) a benefit was conferred upon Cathey at Johns' expense; (2) a resulting appreciation of that benefit; and (3) an inequitable retention of that benefit without payment for its value. *Kentucky v. Marathon Petroleum Co.*, 191 F. Supp. 3d 694, 706 (W.D. Ky. 2016) (quoting *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009)). Cathey contends only that Johns cannot demonstrate the first element of this claim; she does not address the second and third elements.

"Kentucky courts have consistently found that the first element not only requires a benefit be conferred upon the defendant, but also that the plaintiff be the party conferring that benefit." *Marathon Petroleum Co.*, 191 F. Supp. 3d at 706 (quoting *Pixler v. Huff*, No. 3:11-CV-00207-JHM, 2011 U.S. Dist. LEXIS 133185, at *31 (W.D. Ky. Nov. 17, 2011)). Therefore, the "plaintiff must allege that he directly conferred a benefit on the defendant." *Id.* (internal quotation marks omitted) (quoting *SAAP Energy v. Bell*, No. 1:12-CV-00098, 2013 U.S. Dist. LEXIS 122496, at *8 (W.D. Ky. Aug. 28, 2013)).

Cathey contends that Johns cannot establish the first element of his claim because he cannot demonstrate that he conferred a benefit directly upon her. She maintains that she could not have

3

received a direct benefit from the improvements considering she was not a party to the lease agreement. (Def.'s Mem. 6). Despite this lack of privity, Cathey may have received a direct benefit from the improvements as she held a remainder interest in the property when the lease agreement was entered into between her mother and Johns. (Compl. ¶¶ 4, 8-9). Moreover, Johns alleges that his efforts transformed the previously inhabitable building into a dwelling suitable for tenants, which increased the value of the property and directly enhanced the value of Cathey's remainder interest. (*See* Compl. ¶ 9; Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 2, at 4). Therefore, there are genuine issues of material fact as to this element of Johns' unjust enrichment claim.

Cathey argues that Johns has already been properly compensated for his work because he was able to live on the property without the rent obligations for several weeks. (Def.'s Mem. 5). This is a mischaracterization of the agreement. (*See generally* Def.'s Mot. J. Pleadings Ex. C, DN 21-4 [hereinafter Lease Agreement]). Johns argues that he agreed to improve the property in exchange for a period of waived rent *and* residence on the property for five years at the price of $800 per month. (Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 2, at 4; *accord* Def.'s Mem. 5 ("Johns and Kimbrel agreed to free rent while [Johns] worked on it, *along with* reduced rent for a period of 5 years . . . ." (emphasis added) (citation omitted))). Ultimately, as there is no evidence in the record to suggest that the value of the improvements is comparable to the value of the benefits Johns received in free and reduced rent before Porter's death, there is a factual issue regarding whether Johns was properly compensated.

Cathey also appears to contend that because a lease controls the subject-matter of this dispute, Johns cannot assert his unjust enrichment claim. (Def.'s Mem. 3, 6 (citing *Fruit Growers Express Co. v. Citizens Ice & Fuel Co.*, 112 S.W.2d 54, 56 (Ky. 1937))). Indeed, "there can be no implied contract or presumed agreement where there is an express one *between the parties* in

reference to the same subject matter." *Fruit Growers Express Co.*, 112 S.W.2d at 56 (emphasis added). As noted, however, the lease was not between Johns and Cathey; the lease was between Johns and Porter. (*See* Lease Agreement). Therefore, the lease does not control in this dispute.

Despite Cathey's inability to show that Johns falls short of demonstrating the elements of unjust enrichment, summary judgment must still be granted in her favor as Johns has not exhausted his legal remedies. The Kentucky Supreme Court has held that "legal remedies, where available and adequate, apply first." *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 540 S.W.3d 770, 781 (Ky. 2017); *see id.* at 778 ("[T]he controlling legal principle is that where a party has an 'adequate legal remedy available' it bars unjust enrichment entirely regardless of whether the party against whom unjust enrichment is sought is the same party against whom the legal remedy lies."); *PSC Indus. v. Yarbrough Tech. Assocs.*, No. 3:20-cv-146-DJH-RSE, 2021 U.S. Dist. LEXIS 253459, at *7 (W.D. Ky. May 13, 2021); *Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1381 (W.D. Ky. 1987). Indeed, Johns has not sought recovery against Porter's estate for damages resulting from the lease being terminated before the duration of the five-year term. Johns contends that he did not do so because the property is now under the ownership of Cathey, not Porter's estate. (Pl.'s Resp. Def.'s Mot. Summ. J. Ex. 2, at 4). Although correct, Johns' ability to recover from Porter's estate is not contingent on its retention of the property; Johns could seek money damages from funds that presumably exist within the estate. Thus, Johns has not demonstrated that his legal remedies would be inadequate. Therefore, he cannot maintain an unjust enrichment claim against Cathey, and her motion for summary judgment is granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 26) is **GRANTED**, and the Complaint is **DISMISSED WITH PREJUDICE**. Defendant's counterclaims are still pending.

Greg N. Stivers, Chief Judge
United States District Court

February 7, 2023

cc: counsel of record
Danny Johns, *pro se*