UNITED STATES DISTIRCT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:21-CV-00136-GNS-HBB

DANNY JOHNS                                                                   PLAINTIFF

v.

HELEN CATHEY                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss (DN 36) and Plaintiff's Motion to Evaluate (DN 38). The matter is ripe for adjudication. For the reasons stated below, Defendant's Motion to Dismiss (DN 36) is **GRANTED** and Plaintiff's Motion to Evaluate (DN 38) is **DENIED**.

### I.     STATEMENT OF FACTS

Plaintiff Danny Johns ("Johns") filed this action against Defendant Helen Cathey ("Cathey") for unjust enrichment regarding repairs Johns made to rental property in Simpson County, Kentucky. (Compl. ¶¶ 1, 9, 14, DN 1-1). Cathey's mother, Rubye Helms Porter ("Porter"), owned the property and in May 2009, deeded it to her daughter but retained a life estate. (Compl. ¶ 3). Beginning in April 2019, Porter leased the property to Johns for a five-year term at a rate of $800 per month, with rent being waived for the first three months. (Compl. ¶¶ 5-6; Def.'s Mem. Supp. Mot. Summ J. 4, DN 26-1). In exchange, Johns agreed to restore the property to habitable condition, given its alleged decline into extreme disrepair. (Compl. ¶ 7; Def.'s Mem. Supp. Mot. Summ. J. 4-5).

Johns repaired the property and purportedly spent personal funds to accomplish this restoration. (Compl. ¶¶ 8-9). Johns claims that after these improvements were made, Cathey filed suits in Simpson Circuit Court and Simpson District Court to terminate Johns' lease and evict him from the premises, respectively, claiming the lease terminated with Porter's death on May 15, 2021. (Compl. ¶¶ 9-10).

Johns then initiated this action in Simpson Circuit Court asserting a claim for unjust enrichment regarding the improvements made to Cathey's property. (Compl. ¶¶ 11-14). Cathey removed the matter to this Court and asserted counterclaims for slander of title, waste, and non-payment of rents. (Notice Removal, DN 1; Answer & Countercl. 4-8, DN 4). Cathey moved for summary judgment, which was granted. (Mem. Op. & Order, DN 34). Cathey now moves to voluntarily dismiss her counterclaims, and Johns moves the Court to re-evaluate, or reconsider, motion for summary judgment. (Def.'s Mot. Dismiss, DN 36; Pl.'s Mot. Evaluate, DN 38).

## II.      JURISDICITON

The Court has subject-matter jurisdiction of this matter based upon diversity jurisdiction. *See* 28 U.S.C. § 1332.

## III.     DISCUSSION

### A.      Cathey's Motion to Dismiss

Cathey moves to voluntarily dismiss her counterclaims against Johns without prejudice considering the Court's ruling on her motion for summary judgment; Johns has not opposed Cathey's motion. (Def.'s Mot. Dismiss 1). Courts may dismiss an action at a plaintiff's request, and the decision to grant such a dismissal is within the "sound discretion" of the district court. Fed. R. Civ. P. 41(a)(2); *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974) (citations omitted). Courts should not dismiss an action without prejudice if the defendant

2

will suffer "plain legal prejudice" as a result and should consider several factors such as: (1) the nonmovant's effort and litigation expenses; (2) excessive delay and lack of diligence on the part of movant; (3) an insufficient explanation of the need for dismissal; and (4) whether the nonmovant has filed a motion for summary judgment. *Grover ex rel. Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citations omitted). "These factors are only a guide, however, and the trial judge ultimately retains discretion to grant the motion to dismiss." *Malibu Media, LLC v. Ricupero*, 705 F. App'x 402, 407 (6th Cir. 2017) (citation omitted).

These factors favor dismissal without prejudice. Johns has not made considerable effort to litigate the counterclaims or expended a considerable sum of money and the litigation has focused primarily of Johns' unjust enrichment claim. (*See* Mem. Op. & Order, DN 29; Mem. Op. & Order, DN 34). Furthermore, Cathey has not caused excessive delay in litigating her counterclaims, as she moved to dismiss them soon after obtaining of summary judgment against Johns and the parties have not engaged in extensive discovery. (*See* Mem. Op. & Order, DN 34 (docketed Feb. 8, 2023); Def.'s Mot. Dismiss (filed Feb. 14, 2023)). Additionally, Cathey moves to dismiss the counterclaims so that this action may be closed, which is an adequate explanation. Finally, Johns has not filed a motion for summary judgment on the counterclaims. Therefore, Cathey's motion to dismiss her counterclaims is granted and dismissal shall be without prejudice.

B.    **Johns' Motion to Evaluate**

Johns moves this Court to re-evaluate its decision granting Cathey's motion for summary judgment, which will be construed as a motion to reconsider. (Pl.'s Mot. Evaluate 1-2). Pursuant to Fed. R. Civ. P. 59(e), "[a] district court may alter or amend its judgment based on '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th

Cir. 2018) (citation omitted). Johns fails to satisfy any of these circumstances. Instead, he simply rehashes his previous arguments, but a motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)). Therefore, Johns' motion to evaluate is denied.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 36) is **GRANTED** and Plaintiff's Motion to Evaluate (DN 38) is **DENIED**. The counterclaims are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall strike this matter from the active docket.

There being no just cause for delay, this is a final and appealable order.

Greg N. Stivers, Chief Judge
United States District Court

May 17, 2023

cc: counsel of record
Danny Johns, *pro se*